1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| GLADYS E. BOUDOIN, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:07-CV-00019-PMP-GWF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| TRANSPORTATION SECURITY ADMINISTRATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff has submitted an Application to Proceed *in Forma Pauperis* (#1) and a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. The Court finds that Plaintiff is unable to pre-pay the filing fee. Additionally, the Complaint shall be served upon Defendants.

## DISCUSSION

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

. . .

1    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

2  failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a

3  ruling on a question of law.  North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir.

4  1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all

5  material allegations in the complaint are accepted as true and are to be construed in the light most

6  favorable to the plaintiff.  Russel v. Landrieu, 621 f.2d 1037, 1039 (9th Cir. 1980).  Allegations of a pro

7  se complaint are held to less stringent standards than a formal pleading drafted by lawyers.  Haines v.

8  Kerner, 404 U.S. 519, 520 (1972) (per curiam).

9    **A.    § 1983 Civil Rights Claim**

10    The Plaintiff filed her Complaint on the court's civil rights complaint form for actions pursuant

11  to 42 U.S.C. § 1983.  The substance of Plaintiff's allegations reveal, however, that Plaintiff is not

12  alleging a civil rights violation under § 1983.  The Court will give Plaintiff an opportunity to amend the

13  complaint to cure its deficiencies, and give plaintiff some guidance in this regard.  There are two basic

14  elements that a plaintiff is required to allege to have a claim under section 1983.  First, Plaintiff must

15  allege that someone has deprived her of a right guaranteed to her by the federal constitution.  The second

16  is that the person who deprived her of that right acted under color of state law.  Some of these rights are:

17  the right to free speech under the First Amendment, the right to due process under the Fifth Amendment,

18  and the Fourteenth Amendment right to equal protection.  These rights are usually violated by some

19  action that discriminates against a person on the basis of race, gender, religion, national origin or denies

20  one free speech.

21    Once a plaintiff alleges that her federal rights have been violated, then the  plaintiff must show

22  that those rights were violated by a *person* acting under color of *state* law.  This means that Plaintiff

23  must name a person as a defendant in her complaint and that person must have acted under what is called

24  "color of state law."  Persons acting under color of state law typically include officials who in some

25  capacity represent either the state, city, or county government.  See Monroe v. Pape, 365 U.S. 167, 81

26  S.Ct. 473, 5 L.Ed.2d. 492 (1961), partially overruled on other grounds by Monell v. Department of

27  Social Services of City of New York, 436 U.S. 658, 663, 98 S.Ct. 2018, 2021 (1978).  For purposes of

28  bringing a section 1983 claim, under relatively narrow and specific circumstances, a "person" can also

1   include a municipality such as a town, city, or one of its bodies such as the police or fire department.

2   <u>Monell</u>, 436 U.S. at 663, 98 S.Ct. at 2021.  Private persons who are not government officials may also be

3   sued, but they and their actions must be very closely tied to the government in order to be considered

4   "acting under color of state law."  <u>Blum v. Yaretsky</u>, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534

5   (1982).  Under the doctrine of sovereign immunity, a state, which includes state agencies, cannot be sued

6   for money damages under section 1983 and may be sued only for prospective relief such as an

7   injunction.  <u>Will v. Michigan Dept. State Police</u>, 491 U.S. 58, 70-71 n.10, 109 S.Ct. 2304, 2312, 108

8   L.Ed.2d 45 (1989).

9        Plaintiff's claims for negligence against the Transportation Security Administration do not allege

10  that a federal constitutional right was violated by a government official when she alleged that $6,000.00

11  cash went missing from her bag.  Because Plaintiff has not alleged that her rights were violated by a

12  government official or other person acting under color of state law, she has failed to state a claim upon

13  which relief may be granted under section 1983,and her complaint will be dismissed with leave to amend

14  pursuant to 28 U.S.C. 1915(e)(2); <u>Franklin v. Murphy</u>, 745 F.2d 1226-1228 (9th Cir. 1984).  Plaintiff

15  can amend the Complaint and state a proper cause of action.

16  **<u>CONCLUSION</u>**

17       **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is

18  **GRANTED**.  Plaintiff shall not be required to pre-pay the full filing fee of Three Hundred Fifty Dollars

19  ($350.00).

20       **IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to

21  conclusion without the necessity of prepayment of any additional fees or costs or the giving of security

22  therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of

23  subpoenas at government expense.

24       **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

25       **IT IS FURTHER ORDERED** that the Complaint is **DISMISSED** for failure to state a claim

26  upon which relief can be granted, with leave to amend.  The Clerk shall send to Plaintiff a civil rights

27  complaint form with instructions.  Plaintiff will have thirty (30) days from the date that this Order is

28  ...

1  entered to file her Amended Complaint, if she believes she can correct the noted deficiencies.  Failure to

2  comply with this Order will result in the dismissal of this action.

3        DATED this 23th day of January, 2007.

4

5                                              _____

6                                              GEORGE FOLEY, JR.
                                               UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4